IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



SHEILA L. WILLOUGHBY

    Plaintiff,

v.                              Civil Action No. 3:15cv650

OAKMEAD ASSOCIATES, L.P.,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the ORDER OF THE CIRCUIT COURT OF HENRICO COUNTY ("QUALIFICATION ORDER") (Docket No. 14) and Plaintiff's AMENDED AMENDED COMPLAINT (Docket No. 14-1). For the reasons stated below, the QUALIFICATION ORDER (Docket No. 14) and Plaintiff's AMENDED AMENDED COMPLAINT (Docket No. 14-1) will collectively be treated as a Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) and will be granted in part and denied in part.

**BACKGROUND**

On October 29, 2015, Sheila L. Willoughby ("Willoughby") filed an APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Docket No. 1). Attached were a proposed Complaint and various exhibits thereto (Docket Nos. 1-1, Docket

1

Nos. 1-2 through 1-7, respectively). On December 1, 2015, Willoughby filed what appeared to be an amendment to her Complaint seeking punitive damages (Docket No. 3). On December 1, 2015, Sheila L. Willoughby filed another Punitive Damage Claim, Witness List and Exhibit N, apparently intended to amend her Complaint. On February 3, 2016, Willoughby filed another action (Docket No. 3:16cv72) that was identical to this action except that it asked for greater damages.

On February 16, 2016, Willoughby paid the $400.00 civil filing fee and filed another Complaint and an Amended Complaint (Docket Nos. 6, 7, and 8). Additionally, on February 16, 2016, Willoughby filed "PLAINTIFF [sic] REQUEST TO CONSOLIDATE ACTIONS BEFORE SERVICE OF PROCESS IS ISSUED" (Docket No. 9 herein), asserting that that she has "no legal right to maintain two separate actions involving the same set of facts in the same Court at the same time" and asked that her newly-filed action 3:16cv72 (which was based on "the exact same discrimination in retaliation facts [sic] and claims and shouldn't [sic] be separated under two different case numbers" be consolidated with this action. (Docket No. 9).

On March 14, 2016, before the Court had ruled on any motions in this case, a NOTICE OF DEATH (Docket No. 10) was filed by Michael M. Willoughby, Willoughby's son, advising that

Willoughby had died on February 18, 2018. Michael M. Willoughby also filed a REQUEST TO APPOINT SUCCESSOR (Docket No. 11).

By ORDER entered on March 18, 2016 (Docket No. 13) ("March 18 Order"), the Court denied the REQUEST TO APPOINT SUCCESSOR (Docket No. 11) because there was no showing that Michael M. Willoughby had qualified as the representative of Sheila L. Willoughby's estate. Further, the Court ORDERED that the Complaint (Docket No. 7) and the Amended Complaint (Docket No. 8) be dismissed without prejudice, and that the REQUEST TO CONSOLIDATE ACTIONS (Docket No. 9) be denied as moot. Therefore, the case was terminated as of March 18, 2016. No Notice of Appeal has been filed.[1] The time for filing an appeal has passed.

On April 15, 2016, Michael M. Willoughby filed herein the Qualification Order (Docket No. 14) advising that he had been qualified as the Administrator of the Estate of Sheila L. Willoughby. (Qualification Order, Docket No. 14). In the same filing, Michael M. Willoughby included an Amended Amended Complaint (Docket No. 14-1) with exhibits. One of those exhibits (Docket No. 14-8) was entitled PLAINTIFF [sic] AMENDED REQUEST

---

[1] Neither the proposed Complaint nor the Amended Complaint (Docket Nos. 7 and 8) was filed or served before termination of the case because Willoughby paid the civil filing fee and because the APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Docket No. 1) was not ruled on before the March 14, 2016 NOTICE OF DEATH (Docket No. 10) was filed.

TO CONSLIDATE ACTIONS. The Amended Amended Complaint is virtually the same as the complaints that had been tendered, but not filed, before the case was closed.

**ANALYSIS**

Relief from a final Order made within 28 days[2] after the entry of judgment is most properly made in the form of a motion under Fed. R. Civ. P. 59(e). However, in keeping with the general liberal readings given to pro se plaintiffs, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), a pro se motion may be interpreted as a Rule 59(e) motion even when the rule is not invoked by name. E.g., Sartori v. Vargo, No. CIV.A. 02-990-AM, 2002 WL 32389826, at *1 (E.D. Va. Nov. 12, 2002), aff'd in part, dismissed in part, 56 F. App'x 610 (4th Cir. 2003) ("This Court construes plaintiff's Motion for Reconsideration under Federal Rule of Civil Procedure Rule 59(e) as a Motion to Alter or Amend Judgment"); see also Bea v. Arthur, 1:04CV802, 2006 WL 5363191 (E.D. Va. 2006) (reading pro se plaintiff's motion as a Fed. R. Civ. P. 60(b) motion despite lack of formal styling). The Amended Amended Complaint (Docket No. 14-1) taken together with

---

[2] The Amended Amended Complaint was filed on April 15, 2016. The Order closing the case was filed on March 18, 2016.

4

the Qualification Order (Docket No. 14) will be construed as a motion made under Rule 59(e).[3]

The reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted); see also United States v. Evans, No. 2:92CR163-5, 2015 WL 2169503, at *2 (E.D. Va. May 8, 2015). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D.Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

In this instance, it would work manifest injustice to keep this case closed when a qualified representative of the deceased

---

[3] Michael M. Willoughby's filing is construed as a Rule 59(e) motion rather than a Rule 60(b) motion because "if a post-judgment motion is filed within [28] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). Dove originally stated "within 10 days"; the 10 day period was extended to 28 days by the 2009 Amendments.

plaintiff has promptly communicated his intent to pursue this action.

### CONCLUSION

For the reasons stated above, the ORDER OF THE CIRCUIT COURT OF HENRICO COUNTY (Docket No. 14) and Plaintiff's AMENDED AMENDED COMPLAINT (Docket No. 14-1) will be collectively treated as a Motion to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) and will be granted in part and denied in part.

That part of the March 18 Order denying Plaintiff's MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Docket No. 1) and Plaintiff's REQUEST TO CONSOLIDATE ACTIONS BEFORE SERVICE OF PROCESS IS ISSUED (Docket No. 9) as moot will remain in full force and effect. That part of the March 18 Order denying the REQUEST TO APPOINT SUCCESSOR (Docket No. 11) will remain in full force and effect. That part of the March 18 Order dismissing the Complaint (Docket No. 7) and the Amended Complaint (Docket No. 8) will remain in full force and effect.

The case shall be reinstated on the docket but shall proceed on the Amended Amended Complaint (Docket No. 14-1). Michael M. Willoughby shall be the named representative and thus will be the plaintiff herein.

The Clerk is directed to mail a copy of this Opinion to Michael M. Willoughby at the address shown on the REQUEST TO APPOINT SUCCESSOR (Docket No. 11).

It is so ORDERED.

                                                   /s/               *REP*
                                          Robert E. Payne
                                          Senior United States District Judge

Richmond, Virginia
Date: May 12, 2016

7