IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



SHEILA L. WILLOUGHBY,

    Plaintiff,

v.                                Civil Action No. 3:15cv650

OAKMEADE ASSOCIATES, L.P.

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on Defendant Oakmeade Associates, L.P.'s MOTION TO DISMISS (ECF No. 26) the AMENDED AMENDED COMPLAINT (ECF No. 22). For the reasons stated below, Oakmeade Associates, L.P.'s MOTION TO DISMISS (ECF No. 26) will be granted in part and denied in part. The motion is granted to the extent that it seeks dismissal of the case: the case is dismissed with prejudice and without leave to amend. The motion is denied to the extent that it seeks attorney's fees.

## BACKGROUND

Plaintiff, the Estate of Sheila L. Willoughby ("the Estate"), proceeding through the appointed representative, Mike M. Willoughby ("Mike Willoughby"), alleges that, in early 2015, Sheila L. Willoughby ("Sheila Willoughby") provided assistance in an ongoing criminal investigation against her landlord, Oakmeade Associates, L.P. ("Oakmeade") involving Dominion

Power's Energy Assistance Program. (Am. Am. Compl., ECF No. 18, 1). In April 2015, Oakmeade refused to renew Sheila Willougby's lease. (Am. Am. Compl. 1-2). The Amended Amended Complaint alleges that the termination of Sheila Willoughby's lease was "retaliation for participating in 'protected activities' by reporting, helping, and assisting in a criminal investigation into fraudulent activities that were occurring" in one of Oakmeade's rental properties. (Am. Am. Compl. 1-2).

On October 29, 2015, Sheila Willoughby filed a Motion for Leave to Proceed In Forma Pauperis. (ECF No. 1). On February 3, 2016, Sheila Willoughby filed a substantially similar case in this Court, Case No. 3:16-cv-00072. On February 16, 2016, before the Court ruled on the Motion for Leave to Proceed In Forma Pauperis, Sheila Willoughby paid the civil filing fee and filed her complaint. (Docket Nos. 6, 7). On the same day, Sheila Willoughby also filed a motion to consolidate this case and Case No. 3:16-cv-00072. On March 14, 2016, Mike Willoughby, Sheila Willoughby's son, filed a "Notice of Death" and a motion to appoint him as his mother's successor in this action. (Docket Nos. 10, 11).

On March 18, 2016, the Court denied the Motion to Proceed In Forma Pauperis as moot, dismissed Case No. 3:16-cv-00072 and accordingly denied the Motion to Consolidate as moot, and dismissed the Complaint and the unfiled amended complaints

2

without prejudice because Mike Willoughby had not demonstrated that he was an appropriate representative of Sheila Willoughby's estate. (ECF No. 13).

On April 14, 2016, Mike Willoughby filed paperwork to the effect that he had qualified as the administrator of his mother's estate. (ECF No. 14). On March 13, 2016, the Court permitted Mike Willoughby to proceed as representative of his mother's estate,[1] reinstated the case, and directed the Clerk to file the "Amended Amended Complaint."[2] (ECF No. 17).

---

[1] The Court ordered that Mike Willoughby acquire counsel or show cause why he might proceed without counsel.
   It is a "general common-law rule that non-attorneys cannot litigate the interests of another" person or of artificial person. Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 536 n.1 (2007); see also Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41 (1st Cir. 1982); U.S. ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89 (2d Cir. 2008); Osei-Afriyie v. Med. Coll. of Pennsylvania, 937 F.2d 876, 878 (3d Cir. 1991); Sw. Exp. Co. v. I. C. C., 670 F.2d 53 (5th Cir. 1982); Heldt v. Nicholson, 229 F.3d 1152 (6th Cir. 2000); In re IFC Credit Corp., 663 F.3d 315 (7th Cir. 2011); Nato Indian Nation v. State Of Utah, 76 F. App'x 854 (10th Cir. 2003); Brown v. Ortho Diagnostic Sys., Inc., 868 F. Supp. 168, 170 (E.D. Va. 1994).
   However, several circuit courts have held that an administrator may proceed pro se when an estate has neither creditors nor beneficiaries other than the administrator. Rodgers v. Lancaster Police & Fire Dep't, 819 F.3d 205 (5th Cir. 2016); Bass v. Leatherwood, 788 F.3d 228, 230 (6th Cir. 2015); Guest v. Hansen, 603 F.3d 15, 17 (2d Cir. 2010); Jones ex rel. Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 951-52 (8th Cir. 2005) (noting also that federal, not state, law governs the question of representation).
   A deficiency in pleading based on representation by a non-lawyer is a Fed. R. Civ. P. 12(b)(6) matter. See Franklin v. Garden State Life Ins., 462 F. App'x 928, 930 (11th Cir. 2012). Defendants did not raise this issue in their motion to dismiss.

3

On June 30, 2016, Oakmeade filed this motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 26).

## LEGAL STANDARD

As a threshold matter, the Court recognizes that the Estate's pro se status entitles its pleadings to a liberal construction. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[e]ven pro se plaintiffs must recognize Rule 8's vision for 'a system of simplified pleadings that give notice of the general claim asserted, allow for the preparation of a basic defense, narrow the issues to be litigated, and provide a means for quick dispositions of sham claims." Sewraz v. Guice, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008) (quoting Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)). The requirement of liberal construction 'does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Skelton v. EPA, 2009 WL 2191981, at *2 (D.S.C. July 16, 2009) (citing Weller v. Dept. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990)). Finally, the basic pleading

---

[2] The Amended Amended Complaint was filed on May 13, 2016 (ECF No. 18), but was replaced by another document of the same name on June 20, 2016 (ECF No. 22).

4

standards set by Bell Atlantic v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) that foreclose conclusory, factually unsupported claims apply to pro se litigants.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint. Jordan v. Alternative Resources Corp., 458 F.3d 332, 338 (4th Cir.2006). Fed. R. Civ. P. 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir.2015) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

When deciding a motion to dismiss under Rule 12(b)(6), a court "draw[s] all reasonable inferences in favor of the plaintiff." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir.2009). However, while the court must "will accept the pleader's description of what happened" and "any conclusions that can be reasonably drawn therefrom," the court "need not accept conclusory allegations encompassing the legal effects of the pleaded facts," **Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure** § 1357 (3d ed.1998); Chamblee v. Old Dominion Sec. Co., L.L.C., No. 3:13CV820, 2014

5

WL 1415095, *4 (E.D. Va. 2014). Nor is the court required to accept as true a legal conclusion unsupported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). "Twombly and Iqbal also made clear that the analytical approach for evaluating Rule 12(b)(6) motions to dismiss requires courts to reject conclusory allegations that amount to mere formulaic recitation of the elements of a claim and to conduct a context-specific analysis to determine whether the well-pleaded factual allegations plausibly suggest an entitlement to relief." **Wright & Miller**, supra; Chamblee, supra. In sum, a 12(b)(6) motion should be granted if, "after accepting all well-pleaded allegations ... as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

**ANALYSIS**

Construing the Amended Amended Complaint liberally, it is intended to prosecute a claim under the retaliation provision of the Fair Housing Act.

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged

6

> any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617. Sections 3603, 3604, 3605, and 3606 prohibit discrimination in housing-related activities based on race, color, religion, sex, handicap, familial status, or national origin. 42 U.S.C. §§ 3603, 3604, 3605, 3606; see also Miller v. Board of Managers of Whispering Pines, 457 F. Supp. 2d 126, 131 (E.D.N.Y. 2006).

> To state a claim for retaliation under § 3617, a plaintiff must allege that (1) the plaintiff was engaged in protected activity, (2) the defendant was aware of that activity, (3) the defendant took adverse action against the plaintiff, and (4) a causal connection exists between the protected activity and the adverse action .... Protected activity under the [Fair Housing Act] refers to "action taken to protest or oppose statutorily prohibited discrimination.

Miller, 457 F. Supp. at 131 (relying on Regional Economic Community Action Program, Inc. v. City of Middletown, 294 F.3d 35, 54 (2d Cir. 2002); Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000)).

Participating in an investigation of civil or criminal fraud relating to the Energy Assistance Program is not action that protests or opposes discrimination based on race, color, religion, sex, handicap, familial status, or national origin. Therefore, under the allegations of the Amended Amended

7

Complaint, Sheila Willoughby did not participate in a protected activity. Therefore, the Amended Amended Complaint fails to state a claim for Title VIII retaliation. Accordingly, Oakmeade's motion to dismiss the action will be granted to the extent that it seeks dismissal for failure to state a claim upon which relief may be granted.

If Oakmeade desires an award of attorney's fees, it must seek them in a separate motion. Thus, to the extent that the motion seeks attorney's fees, it will be denied without prejudice.

## CONCLUSION

For the reasons stated above, Defendant Oakmeade Associates, L.P.'s MOTION TO DISMISS (ECF No. 26) will be granted in part and denied in part. The motion is granted to the extent that it seeks dismissal of the case; the case is dismissed with prejudice. The motion is denied to the extent that it seeks attorney's fees.

Plaintiff Estate's REQUEST TO PROCEED WITHOUT LEGAL COUNSEL (ECF No. 21) will be granted (see footnote 1, supra). On August 1, 2016, the Estate filed a document entitled MEMORANDUM IN SUPPORT OF HER REQUEST FOR LEAVE TO AMEND. (ECF No. 36), which the Court will consider as a combined motion for leave to file yet another amended complaint with a supporting memorandum. The Estate's MEMORANDUM IN SUPPORT OF HER REQUEST FOR LEAVE TO AMEND

(ECF No. 36) will be denied because it is obvious that there is no legally sufficient claim. In other words, any amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). Oakmeade has been put to unwarranted expense based on pursuit of what has been held to be a meritless claim. But, it is obvious that Mike Willoughby has orchestrated the filing of the case in his mother's name and prosecuted it after her death. The Court finds that Oakmeade should not face further litigation over a meritless claim.

Finally, Plaintiff Estate's REQUEST TO RENAME ACTION (ECF No. 29), Plaintiff Estate's REQUEST SUMMONS (ECF No. 30), and Plaintiff Estate's REQUEST FOR SUBPOENA DUCES TECUM (ECF No. 31) will be denied as moot.

It is so ORDERED.

                                        /s/           REP
                                        Robert E. Payne
                                        Senior United States District Judge

Richmond, Virginia
Date: August 4, 2016